BETHELL, Plaintiff, v. JOHNSTON, Defendant.

Common Pleas Court, Muskingum County.

No. 41737.   Decided November 3, 1960.

*Mr. Robert McCarty*, for plaintiff.
*Mr. Harold Gottlieb* and *Mr. Ross Johnston*, for defendant.

CROSSLAND, J.   The cognovit note, judgment and execution

herein involved is companion to that in this plaintiff's action against Wanda Sprankle in case number 41453 herein, heard and determined favorably to the plaintiff and adversely to the defendant therein.

The facts and situation in the two cases are entirely analogous insofar as principle is concerned, excepting only that there is no question in the evidence of legal services by the defendant, however largely relating to the subject matter of the litigation between the parties Bethell in case number 41234, of which defendant herein was fully apprised in connection with his hire by defendant in said former case number 41234.

Communications occurred relative to the real estate owned jointly by the two Bethells between counsel for plaintiff herein as counsel for Mrs. Bethell in her divorce and alimony action against her husband in said case number 41234 and this defendant as counsel for Mr. Bethell in that case prior to its filing January 21, 1959, following correspondence relating to said real estate between plaintiff's counsel herein as her counsel in that subsequent action and the husband C. G. Bethell, for and in whose behalf this defendant was engaged to act and did so in conversations with plaintiff's said counsel prior to and in representation of said case number 41234.

There is no doubt or dispute but that this defendant was fully aware and cognizant of the respective claims of the two Bethells to the real estate they owned jointly and that an issue concerning it would be and was forthcoming in said case number 41234, wherein it was awarded fully to the plaintiff therein-Mrs. Bethell.

Under the circumstances should an obligation in this matter from Mr. Bethell to this defendant, represented by a cognovit note of January 19, 1959, reduced to judgment in Morgan County, Ohio, January 23, 1959, two days after the petition in said case number 41234 was filed in this court and executed upon the undivided interest in said real estate of this defendant's client, C. G. Bethell, then and theretofore claimed by Elizabeth J. Bethell and thereafter awarded to her, April 24, 1959, by Certificate of Judgment Lien, filed in Muskingum County, January 24, 1959, affect so as to thereby lessen the extent and value of the award given Mrs. Bethell by this Court in dealing

with the subject matter of the litigation contemplated by the parties and their respective counsel before said filing of January 21, 1959, and in and before this Court then and thereafter?

As a matter of principle in all cases before the Court this Court is constrained to the view that claims of attorneys representing parties in potential or actual litigation involving property claims and disputes for judicial adjudication and determination, with respect to their legal services therein or thereto related should not adversely limit an otherwise favorable determination for a given party litigant.

Knowledge that plaintiff Elizabeth J. Bethell claims an undivided interest in the name of defendant C. G. Bethell should be sufficient to preclude any resort thereto by the latter's counsel as a claim against this client while acting in the latter's behalf in the impending and pending litigation between the principals. In the consideration and judgment of the undersigned nothing less will serve the public interest of maintaining scrupulously clear the inviolate character of property ownership of litigants. Otherwise, in this case, in effect the plaintiff herein is being called upon to pay an obligation owed by her former husband for services which he, not she, engaged, and that is not a healthy prerequisite of the law profession, even if tenable.

Without respect to the question of services rendered his client by defendant or the amount thereby due him, or of the judgment taken pursuant to the promissory note executed and delivered, the Court rejects any claim of obligation of plaintiff herein to pay the same or any right of recourse therefor against her and effectuates its conclusion by holding and decreeing that said Certificate of Lien 870, Lien Docket 6, of the office of the Clerk of this Court is invalid and without effect and, accordingly, is ordered cancelled and removed from the existing record of said Clerk, at defendant's costs.

Journal Entry may be prepared and submitted in accordance with the findings and conclusions of this Opinion, for approval by the Court for filing.

Exceptions are granted defendant.